Bepoet oe Committee. — Dan’l W. Bostwick, Awaeded the Seat.
In Assembly, Janucury 26, 1829.
Mr. Edgerton, from the committee on privileges and elections, to which was referred the petition of Daniel ~W. Bostwick, of the county of Seneca, praying to be admitted to a seat in this House, in the place of the Honorable Septimus Evans, the sitting member, wi^h the ^accompanying documents, reported : ■ \
, By the official certificate of the board of county canvassers of - the county of Seneca, on file in the office of the Secretary of State, a copy of which has been furnished the committee, it appears that at the last annual'electipn, held in the said county, on the third, fourth and fifth days of November last, the Hon. Septimus Evans received one thousand five hundred and fifty-nine, and the petitioner, Daniel W. Bostwick, received one thousand five hundred and fifty-eight votes, giving the sitting member a majority of one vote.
The petitioner claims to have allowed to him four votes, given in the town of Junius, in said county, which were rejected by the inspectors of election in said town, on the canvass of the votes. The four votes claimed by the petitioner, are of the following description: Two votes for Dan’l W. Bostwick, one vote for Daniel Bostwick, and one vote for D. W. Bostwick.
The said four votes, as above named and abbreviated, were found in the proper box for the office of Member of Assembly.
In support of the prayer of the petitioner, the affidavit of Henry Moses, supervisor of the town of Junius, has been furnished the committee, which fully shows the facts above stated, and also that the said four votes were not allowed by the town inspectors in canvassing ^he votes of said town, but were wholly rejected.
*77 It further appears by the affidavit of the said supervisor, that the four votes above mentioned and described were not 'preserved, nor copies of the same kept or sent to the county clerk of said county, or preserved in the office of the town clerk of the town of Junius; but that the same were destroyed on the evening of the fifth day of November, at the time the votes of the town of Junius were canvassed. '
It further appears by the affidavit of the said supervisor, that, on canvassing the votes of said town at the time above mentioned, the said inspectors of election found a ballot in the box appropriated for Congress and electors in the words following: Daniel W. Bostwick, and Erastus "Woodworth, which said ballot was headed, labelled or indorsed “for Members of Assembly,” and that the said ballot .was not counted ór estimated by the said canvassers for or in favor of any person whatever, nor was the same preserved, or a copy of the same; nor was the said ballot estimated or returned to the board of county canvassers, the said supervisor having been one of the said board of county canvassers.
It also further appears from the affidavit of the said supervisor, that he has resided in the county of Seneca for the last twenty years past, and that he does not know or has he heard of any other person residing in the county of the name of Bostwick, except Daniel W. Bost-wick, the name of the petitioner, who was a well known candidate for the office of member of Assembly, regularly nominated in the years 1827 and 1828.
In support of the allegations of the petitioner, it further appears by the affidavit of Bobert Sloan, one of the assessors of the town of Junius, and also one of the board, of inspectors of election in said town, that, on the canvass of the votes of the said town, there were several scattering and abbreviated votes found in the box appropriated for ballots for members of Assembly which were not counted or allowed to Bostwick, but were rejected. He also further states that he recollects, on the canvass of the ballots of members of Congress and electors, one vote was found in the box appropriated to that purpose on which was printed or written the names of Erastus "Wood-worth and Daniel "W. Bostwick; which ballot or ballots were not canvassed or estimated for either of the said persons who, were candidates, for members of Assembly, and that neither of the votes so found in either of the boxes for members of Assembly was allowed or preserved; but that the same were rejected and destroyed, and the *78 same 'were not returned to tlie board of county canvassers, or copies of the same taken or preserved in the office of the town clerk of the town of Junius.
It further appears, by the affidavit of the said assessor, that he has resided in the said town of Junius for many years, and that he does not know of any person of the name of Bostwick, except Daniel W. Bostwick, the name of the petitioner.
The petitioner has also furnished the committee with the affidavit of John Ingersol, town clerk of the town of Lodi, in said county, and one of the inspectors of election in said town, at the late election, who states, that on the canvass of the votes of said town, on the fifth day of November last, there was found in the proper box a printed ticket or ballot, indorsed “ for members of Assembly,” in which the words, letters and parts of letters were found following: IanielW. Bostwick on it, with the names of the other candidates for the county offices, viz.: One member of Assembly, sheriff, clerk and coroners. All the said ticket or ballot was estimated and counted, except the name of the said Ianiel W. Bostwick, which was rejected by the said board of town inspectors, and not allowed to Daniel W. Bostwick, in any way or manner, or was the same preserved, or a copy of the same.
The said affidavit further states, that the said ballot or ticket appeared to have been torn or worn in such manner, as to have taken off the part of the said printed D, which formed the half .circle of the. s'ame; which said part of the letter D would have made the entire name of Daniel W. Bostwick, the petitioner, and who was a candidate for member of Assembly in said county, at the last election.
In support of the claim of the petitioner is also presented to the committee the affidavit of John Gr. Tubbs, one of the assessors of the town of Junius, in said county, and who was one of the inspectors of election in said town, at the last annual election; who states, that on canvassing the votes of the said town, on the last day of the election, on the fifth day of November, he read, in the hearing of the inspectors of said election, and the clerks of the polls, the scattered and abbreviated -votes mentioned in the affidavit of Henry Moses, supervisor of said town, and that after reading the same, he passed th$ said abbreviated votes to the said supervisor. The affidavit further states that he, the said John Gr. Tubbs, distinctly recollects the.four abbreviated votes, mentioned by the said supervisor, and before described, and that they were of the following description, namely: Two votes for Dan’l W. Bostwick, one vote for Daniel Bostwick, and one vote *79 for D. W. Bostwick, all found in the proper box, and indorsed and designated according to the statute regulating elections. The affidavit further states, that in canvassing and estimating the votes of said town, the said votes so abbreviated were all rejected by the board, and not estimated or counted for the petitioner,-ox any other person, nor were the said ballots or tickets preserved, or a copy of the same, or any account or memorandum made thereof, at the said canvass; nor were the same returned to the board of county canvassers, to the clerk of the county, or the clerk of the town of Junius.
The affidavit further states that there was found, in the Congress and Electoral box, one vote for Daniel W. Bostwick and Erastus Woodworth, which was also rejected, and not estimated, counted or preserved by the said board of town inspectors.
The affidavit also states that there is no other person in the county of Seneca of the name of Bostwick, except the petitioner, who was a candidate for member of Assembly at the last election held in the county of Seneca.
The committee have now presented to the House the facts and proof of those facts as alleged on the part of the petitioner, and as set forth in the affidavits accompanying the petition. While upon this part of the subject which has been before the committee, they •beg leave to remark, that by the forty-fourth section of the fourth article of the fourth title of the first part of the Devised Statutes, it is provided that no ballot, properly endorsed, found in a different box from that designated by its endorsement shall be rejected,, but shall be counted in the same manner,as if found in the proper box ; which provision the committee are compelled to say was wholly overlooked or disregarded by the inspectors of election in the town of Junius, as far as relates to the ballot found in the Congress' box, given for member of Assembly. It is with regret that the committee are obliged to notice this culpable want of attention to the law under which they acted. By the fifty-second section of the same article of the statute, it is provided “ that it shall be the duty of inspectors of election to preserve a -true copy of all' ballots rejected as defective, with the originals attached, and deliver the same to the town clerk, to be filed in his office;” which salutary and necessary provision, as the committee believe, was totally disregarded by the inspectors of the said town of Junius, if th¿ facts stated in the affidavits of three of said inspectors are to be taken as true. A rigid and strict compliance with the statute in conducting elections your committee *80 believe to be essential; and the reasons for it are so numerous and manifest that they need not be suggested, but as a provision to save the trouble of an application to this House, when the objects would be accomplished at the board if they did their duty. On the part of the sitting member, who with the petitioner have both been before the committee, and two weeks-allowed to procure additional proof as to the validity of his election, he has furnished the committee the following facts and affidavits :
First, The affidavit of the town clerk of the town of Junius, who swears that he has searched the office of that town, and that there is no return to that office of rejected votes for members of Assembly on file in said office.
The committee are also furnished with an affidavit on the part of the sitting member, from Samuel Bradley, one of the assessors of the town of Junius and one of the board of inspectors of said town, and who states the facts that two abbreviated votes were found in the proper box, of the same description as described by Henry Moses, the supervisor of said town, which were rejected by the board and not allowed or preserved. He farther states that he has no knowledge or does lie believe that any other ballot or votes were found in the proper box that were not counted or estimated to the petitioner. And he further swears that there was no ballot found in the Congres's box which was not counted or estimated for the petitioner according to the best of his knowledge or belief. The said affidavit further states that there was a memorandum made of the defective and rejected votes at the time of the canvass and estimate of the votes of said town; but that the same is now lost or mislaid, and that the amount of the votes on said memorandum was as is stated in his affidavit.
It is further made to appear to the committee, by the affidavit of the town clerk of the town of Fayette in said county, that there is on file in said office a vote rejected by the board of inspectors in said town, on which is written the name of Sep’t Evans, which vote the committee have allowed to the sitting member, on the ground that it is the common and accepted abbreviation of the name of Septimus, the Christian name of the sitting member, and as there is no other person in said county of the name of Evans except Septimus Evans, one of the sitting members of this House from the county of Seneca:
The facts stated in the affidavit last referred to are fully corroborated by the affidavit of Enoch Chamberlain, supervisor of the town of Fayette.
*81 Tbe committee have now gone through thus minutely with the proofs and allegations touching the subject before them, and in coming to a conclusion they will briefly state their unanimous opinion.
1. The committee have allowed the four votes described in the affidavit of Henry Moses, the supervisor, and as proved by two other of the inspectors of said board.
2. The vote found in the Congress box should have been allowed to the petitioner, because the forty-fourth section of the election law is imperative upon the board.
3. The vote of the town of Lodi, which was rejected, should have been allowed to the petitionér.
é. The committee have allowed to the sitting member one vote which was rejected in the town of Fayette, for the reasons heretofore given, that it was the common and accepted abbreviation of the name.
The result therefore will stand : That by allowing to the petitioner five additional votes, added to the one thousand five hundred and fifty-eight, will make one thousand five hundred and sixty-three.
Allowing to the sitting member one additional vote, will make one thousand five hundred and sixty.
In which opinion your committee believe they are sustained by the rules heretofore adopted by this House upon similar applications, and also by the State canvassers and by the Supreme Court. They therefore beg leave to submit the following resolutions:
Resolved, That the seat of the Honorable Septimus Evans, the sitting member of this House, be vacated,
Resolved, That the petitioner, Daniel W. Bostwick, be admitted as a member of this House, as duly elected from the county of Seneca, in the place of the Honorable Septimus Evans, the sitting member.
Ordered, That the said report and the resolutions be committed to a committee of the whole House.
Ordered, That the usual number of copies of the said report be printed for the use of the Legislature.
Assembly Journal, 1829, pages 168, 169, 170 and 171.
Committee of the Whole.
IN Assembly, Jmiua/nj 29th, 1829.
The House then resolved itself into a committee of the whole, on the resolutions reported by the committee on privileges and elections on the petition of Daniel W. Bostwick, praying for admission :o a *82 seat in this House, as a member, from tbe county of Seneca, in tbe place of Septimus Evans, tbe sitting member; and after some time spent therein, Mr. Speaker resumed tbe chair, and Mr. Paige, from tbe said committee, reported, that the committee had agreed to the said resolutions, in tbe words following, to wit:
DaNiel W. Bostwiok awaRded the Seat.
Resolved, That tbe seat of the Hon. Septimus Evans, the sitting-member of this House, be vacated.
Resolved, That the petitioner, Daniel W. Bostwick, be admitted as a member of this House, as duly elected, from the county of Seneca, in the place of the Hon. Septimus Evans, the sitting member.
’Which he was directed to report to the house, and he read the report in his place and delivered the same in at the table, where it was again read, and agreed to by the House.
Thereupon, Mr. Bostwick, declared to have been duly elected a member of this House in and for the county of Seneca, appeared in the Assembly Chamber.
Me. BostwioK takes the Oath oe Oeeioe.
Ordered, That Mr. Edgarton and Mr. Efner attend with Mr. Bost-wick before some proper officer and see him duly qualified.
Mr. Edgarton reported, that pursuant to the order of the House, Mr. Efner and himself had attended with Mr. Bostwick before Azariah C. Elagg, Secretary of State, and seen him duly qualified.
Ordered, That Mr. Bostwick do take his seat.
Assembly Journal, 1829, page 318.